# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**CHARLES SALIS,**             **CASE NO. 3:18-cv-00147-MCR-GRJ**

    **Plaintiff,**

**v.**

**NORTH OKALOOSA FIRE DISTRICT,**

    **Defendant.**

_____/

## **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL**

Defendant has filed a Motion to Compel, ECF 37. Plaintiff responds as follows:

First, in light of the documents Defendant filed with its Motion to Compel, it should know that Plaintiff clearly has no objection to producing his tax returns. It is thus perplexing as to the reason that the Defendant cited numerous cases on the relevance of tax returns in litigation like this when Plaintiff has never objected to producing his tax returns.

Second, in response to the Defendant's Request for Production of Documents, Plaintiff produced to the Defendant his tax returns for 2014-2016. Those are not subject to the Motion to Compel.

Third, Plaintiff has not filed his 2018 tax return, which is one document requested through Defendant's Motion to Compel. That document cannot be produced yet but will be when Plaintiff files his tax return for 2018. No case has been cited by Defendant in which a Plaintiff has been compelled to prepare and file a tax return in a case like this and none has been located by Plaintiff. This portion of Defendant's Motion should be denied.

Fourth, the only issue then in Defendant's Motion to Compel is Plaintiff's 2017 tax return. In response to Defendant's Request for Production, Plaintiff, in fact, produced his copy of his 2017 tax return but it was not the version that contained his electronic signature. What he produced was his copy which was a duplicate of the actual return that was filed with watermarks reflected on ECF 37-3, pgs. 2, 3.

Producing the duplicate was not sufficient for the Defendant and Plaintiff worked thereafter to get his signed version from the IRS. He actually received it through TurboTax which the Plaintiff did not know how to use to obtain the return. Eventually, he was successful and the copy with Plaintiff's electronic signature was then produced to the Defendant on January 14, 2019, ten days ago. Plaintiff did not have this document in his possession until January 14, 2019 and it was produced within hours of Plaintiff's receipt thereof.

Defendant had in its possession the copy of the return from 2017 prior to filing the Motion to Compel although it has watermarks and it was not the version with Plaintiff's signature. Defendant now has that version with Plaintiff's signature.

In conclusion, Plaintiff was able to obtain his 2017 return with his signature through TurboTax and it was produced shortly after receipt. The 2018 return that Defendant seeks to compel has not yet been filed by Plaintiff and thus cannot be produced. In light of these circumstances, Plaintiff requests that Defendant's Motion to Compel be denied including its request for fees and costs.

Respectfully submitted:

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that this response complies with the type-volume limitations specified in the Local Rules of this Court and that it contains 587 words and is typed in 14 point font in Times New Roman.

/s/ Marie A. Mattox
Marie A. Mattox

3

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all counsel of record by CM/ECF this 24th day of January, 2019.

                                        /s/ Marie A. Mattox
                                        Marie A. Mattox