## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

CHARLES SALIS,

        Plaintiff,

v.                                  Case No.  3:18-cv-147-MCR/MJF

NORTH OKALOOSA FIRE DISTRICT,

        Defendant.

_____/

## ORDER

This cause is before this court on "Defendant's Motion to Compel Plaintiff's Tax Returns," (Doc. 37), and Plaintiff's response. (Doc. 38).

## I.  Procedural Background

Plaintiff filed this action in state court, but Defendant removed the case to federal court. Plaintiff alleges discrimination and retaliation in violation of 42 U.S.C. § 1981 and retaliation in violation of Fla. Stat. § 112.3187.

On July 13, 2018, the Defendant propounded its first requests for production. At issue here is request 9, which sought "[c]opies of Plaintiff's federal income tax returns for 2014, 2015, 2016, 2017, and 2018." (Doc. 37 at ¶ 3). On November 13, 2018, Plaintiff responded to Defendant's request by providing Defendant with federal tax returns from 2014 to 2016. (Docs. 37 at ¶ 6; 38 at 1). Plaintiff also provided a copy of his unsigned 2017 tax return that had watermarks stating, "DO NOT FILE: FORM NOT FINAL." (Docs. 37 at 3; 37-3 at 2-3; 38 at 2). Plaintiff did

Page 1 of 12

not object to the request and conceded in his response that his tax returns are relevant and, therefore, he has no objection to providing the tax returns. (Docs. 37-2 at 4; 38 at 1).

On November 26, 2018, Defendant sent an email to Plaintiff's counsel to request that Plaintiff provide a copy of his 2017 tax return that was actually filed with the federal government. (Docs. 37 at ¶ 7; 37-4 at 2). Defendant also reminded Plaintiff's counsel about the 2018 tax return. Plaintiff acknowledged receipt of the Defendant's email but did not produce any supplemental documents. (Docs. 37 at ¶ 8; 37-4 at 2).

On December 10, 2018, Defendant again emailed the Plaintiff's counsel to request the outstanding documents. (Docs. 37 at ¶ 9; 37-5). Plaintiff's counsel purportedly did not acknowledge receipt or supplement the responses with the requested documents. (Doc. 37 at ¶ 10). On January 9, 2019, Defendant again contacted Plaintiff's counsel.  (*id.* at ¶ 11; Doc. 37-6 at 2). On January 10, 2019, Defendant filed the instant motion.

Plaintiff acknowledges that he initially provided a non-final copy of the 2017 tax return. (Doc. 38 at 2). Plaintiff's counsel contends that from November 2018 through January 2019, Plaintiff was working on getting the signed version of his tax return from the IRS. (*id.*). Plaintiff contends that he was able to obtain the copy with his signature from the IRS and subsequently produced it to the Defendant on January

14, 2019. (*id.*). Plaintiff also alleges that he has not yet prepared his 2018 tax return, but will provide a copy to the Defendant after the tax return is filed. (*id.*).

## II.    Standard

"The production of documents . . . is governed by Federal Rule of Civil Procedure 34(a)." *Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 361 (5th Cir. 2018). This Rule allows a party to obtain documents that are in the responding party's "possession, custody, or control." Fed. R. Civ. P. 34(a); *see Bennett v. Chitwood*, 519 F. App'x 569, 572 (11th Cir. 2013); *Tomlinson v. El Paso Corp.*, 245 F.R.D. 474, 476 (D. Colo. 2007). "Control with respect to the production of documents is defined 'not only as possession, but as the legal right to obtain the documents requested upon demand.'" *Cochran Consulting, Inc. v. Uwatec USA, Inc.*, 102 F.3d 1224, 1229-30 (Fed. Cir. 1996) (quoting *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984)). The responding party must respond to the request and state that inspection and related activities will be permitted as requested, unless the request is objected to, in which case the reason for objection must be stated with specificity. Fed. R. Civ. P. 34(b)(2)(B); *see Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996). While Rule 34(b) does not expressly provide that objections will be waived if not timely, several courts have concluded that it is within the court's discretion to waive untimely objections. *See In re United States*, 864 F.2d 1152, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely

to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 236-37 (W.D.N.Y. 1998); *Pulsecard v. Discover Card Servs.*, *Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996); *Perry v. Golub*, 74 F.R.D. 360, 363 (N.D. Ala. 1976).

## III.   Discussion

In its motion to compel, the Defendant seeks Plaintiff's 2017 and 2018 tax return. Defendant argues—and provided several citations to authority for the proposition—that these documents are relevant to: (1) Defendant's defenses that Plaintiff failed to mitigate and offset damages; and (2) Plaintiff's claim for back pay and front pay damages. (Doc. 37 at 7); *see* N.D. Fla. Loc. R. 26.1(D) ("A discovery motion must frame the dispute clearly and, if feasible, must, for each discovery request at issue: (1) quote the discovery request verbatim; (2) quote each objection specifically directed to the discovery request; and (3) *set out the reasons why the discovery should be compelled.*"). In his response, Plaintiff concedes that the 2017 and 2018 tax returns are relevant to the case.

### A.   2017 Tax Return

In its response to the current motion to compel, Plaintiff states that the copy of the Plaintiff's official 2017 tax return, which includes his signature, was provided to the Defendants on January 14, 2019. (Doc. 38 at 2). This was four days after the motion to compel was filed with this court. Thus, considering this response, it

appears that this issue is now moot. Thus, this request will be denied. If, however, the proper 2017 tax return is still outstanding, Defendant may file a motion to compel seeking a copy of the official 2017 tax return with Plaintiff's signature.

### B.      2018 Tax Return

Rule 34(a)(1) requires only the production of relevant documents which are "in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1); *see Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 204, 78 S. Ct. 1087, 1091 (1958) (noting that Rule 34's requirement that before a party may be ordered to produce documents the party must "be in 'control' of them"). "It is axiomatic that a request to produce relevant documents is subject to that caveat that a party must have the documents in its 'possession, custody or control.'" *E.E.O.C. v. Carrols Corp.*, 215 F.R.D. 46, 52 (N.D.N.Y. 2003) (citing Fed. R. Civ. P. 34(a)).

Control is broadly defined as "the legal right to obtain the documents requested upon demand." *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201 (11th Cir. 2016) (*quoting Searock*, 736 F.2d at 653); *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004) ("In the Rule 34 context, control is defined as the legal right to obtain required documents on demand."); *United States v. Int'l Union of Petroleum and Indus. Workers, AFL–CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is defined as the legal right to obtain documents upon

demand."). Thus, a party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to its employees, agents, or others subject to its control. *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992); *see A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006).

"It is well established that in those situations in which the documents sought to be produced are not in existence, a request to produce must be denied." *In re Air Crash Disaster at Detroit Metro. Airport*, 130 F.R.D. 641, 646 (E.D. Mich. 1989); *see Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) (A "party is not obliged to produce . . . documents that it does not possess or cannot obtain."). Furthermore, a party is not obliged to create documents in response to a request for production. *See Id.* "As a general matter, a party cannot invoke Rule 34(a) to require another party to create or prepare a new or previously non-existent document solely for its production." *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 227 (N.D. Tex. 2016); *Hallmark v. Cohen & Slamowitz*, 302 F.R.D. 295, 299 (W.D.N.Y. 2014) (holding that a litigant was not required to create audited financial statements to comply with plaintiff's discovery request); *Alexander v. F.B.I.*, 194 F.R.D. 305, 310 (D.D.C. 2000) (stating that "Rule 34 only requires a

party to produce documents that are already in existence").[1] Therefore, a court "cannot compel the production of documents that do not exist." *Myhre v. Seventh–Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc'y*, 298 F.R.D. 633, 645 (S.D. Cal. 2014); *see Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 598 (N.D Tex. 2018); *Sonnino v. Univ. Kansas Hosp. Auth.*, 220 F.R.D. 633, 640 (D. Kan. 2004) (observing that a court "cannot compel a party to produce documents that do not exist").

Further, this court is permitted to rely on representations by counsel made in documents filed with this court. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1372 (11th Cir. 1997). "Whenever a party requests the production of documents under Fed. R. Civ. P. 34(a), and the recipient of the request states that it does not have any responsive documents," courts may "trust, at least in the absence of contrary information, that the recipient is responding truthfully." *Greene v. Philadelphia Housing Auth.*, 484 F. App'x 681, 686 (3d Cir. 2012). Unless the

---

[1] The party seeking to compel production of documents bears the burden of establishing that the documents exist and that the party refusing to produce the documents actually possesses or controls the documents. *See Int'l Union of Petroleum and Indus. Workers*, 870 F.2d at 1452 ("The party seeking production of the documents . . . bears the burden of proving that the opposing party has such control."); *Norman v. Young*, 422 F.2d 470, 472 (10th Cir. 1970) ("There is no doubt that the moving party is charged with establishing possession, custody or control . . . ."); *Camden Iron & Metal, Inc. v. Marubeni Am. Corp.*, 138 F.R.D. 438, 441 (D.N.J. 1991) (A "party seeking production of documents bears the burden of establishing the opposing party's control over those documents.").

requesting party can show that requested materials actually exist, courts may rely on the representation of the party claiming that it does not possess or control such materials. *See Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008).

Regarding the 2018 tax return, the Defendant notes that it is possible that the tax return does not yet exist. (Doc. 37 at 2). Defendant, however, requests that this court compel production of the 2018 tax return because it has been requested and is relevant to the case. Plaintiff confirms that this document does not yet exist, but Plaintiff states that "it will be [produced] when Plaintiff files his tax return for 2018." (Doc. 38). Based on the foregoing, the court cannot compel the Plaintiff to produce a document that does not yet exist. Nor can this court require Plaintiff to prepare his 2018 tax return in order to comply with Defendant's request.

In light of Plaintiff's promise to produce the 2018 return and the fact that it does not yet exist, this court will deny the instant motion to compel without prejudice to Defendant filing a motion to compel if that proves necessary.

### C.   <u>Reasonable Fees and Costs</u>

Defendants also request this court grant an award of costs and expenses in connection with the instant motion. (Doc. 37 at 8). Rule 37 provides that

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct

necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

(C)  *If the Motion Is Granted in Part or Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed. R. Civ. P. 37(a)(5)(A), (C).

In the present case, the Defendant's motion was denied without prejudice. In part, this is due to the fact that Plaintiff apparently provided the 2017 tax return four days after the motion to compel was filed, which likely rendered the motion to compel the 2017 tax return moot. Thus, that part of the motion to compel was meritorious. As to seeking the 2018 return, that portion of the motion lacked merit insofar as this court cannot compel production of a document that does not exist, as such documents are not in the Plaintiff's "possession, custody, or control." In light of these facts, an award of fees and expenses is not warranted at this time. In the event this issue or a similar issue arises, Defendant's counsel is free to renew its

motion, particularly if Plaintiff's failure to comply with Local Rule 7.1(B) precipitates another motion to compel.

### D.    Reminder About the Duty to Confer

Finally, Plaintiff's counsel should keep in mind that the discovery rules are designed to ensure that parties make a good faith effort to resolve their difference and thereby obviate the need for judicial intervention and the expenditure of judicial resources. *See In re Stone*, 986 F.2d 898, 904 (5th Cir. 1993) (noting that parties should not "waste valuable judicial resources unnecessarily"). "Discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).

To that end, both the Local Rules for the Northern District of Florida and the Federal Rules of Civil Procedure provide that parties should meet and confer prior to filing a motion to compel with the court. *See* N.D. Fla. Loc. R. 7.1(B) ("Before filing a motion raising an issue, an attorney for the moving party must attempt in good faith to resolve the issue through a meaningful conference with an attorney for the adverse party. *The adverse party's attorney must participate in the conference in good faith*.") (emphasis added); Fed. R. Civ. P. 37(a)(1).

Counsel normally should respond to opposing counsel within 24 hours. *See* N.D. Fla. Loc. R. 7.1(B) ("When a conference is conducted in writing or

electronically, an attorney ordinarily should be afforded at least 24 hours—as calculated under Federal Rule Civil Procedure 6—to respond to a communication."). Undoubtedly there will be occasions when that is not possible, but a response within 48 or 72 hours is almost always possible.

In this case, Defendant provided Plaintiff's counsel well over *one month* to respond to his initial email. Many attorneys are busy, but there is no excuse for a failure to communicate for such a duration. This court is aware that emails can get lost in the shuffle of life. Had Defendant sent only one email, Plaintiff's neglect might have been excusable. But in this case, Defendant's counsel acted appropriately and sent additional emails, which Plaintiff's counsel also neglected. Such conduct is simply unacceptable, especially in light of Plaintiff's concession that the tax returns are discoverable and should have been produced without additional prompting by Defendant and the filing of a motion to compel. Court intervention in this matter would not have been required if Plaintiff had simply responded to opposing counsel's emails. This court trusts that Plaintiff's counsel will be more responsive in the future.

## IV.   Conclusion

1.   Defendant's "Motion to Compel Plaintiff's Tax Returns" (Doc. 37) is **DENIED** without prejudice.

2.      Defendant's Request for Fees and Expenses is **DENIED** without

prejudice.

**SO ORDERED** this <u>8th</u> day of February 2019.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**