UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES SALIS,

    Plaintiff,

v.

NORTH OKALOOSA FIRE DISTRICT,

    Defendant.

CASE NO: 18-cv-00147-MCR-GRJ

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, North Okaloosa Fire District ("the District"), by and through undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rules 7.1 and 56.1, hereby submits its Motion for Summary Judgment in the above-captioned action on the following grounds:

1. Plaintiff filed his Second Amended Complaint on August 6, 2018, alleging race discrimination and retaliation pursuant to 42 U.S.C. § 1981 ("Section 1981"), and retaliation pursuant to Florida's Public Sector Whistleblower Act, section 112.3187, Florida Statutes ("Section 112.3187"). For the reasons set forth below, and in the accompanying statement of facts and memorandum of law in support, the District is entitled to judgment as a matter of law with respect to all of Plaintiff's claims.

2. The District is entitled to summary judgment on Plaintiff's race discrimination claim because Section 1981 only protects against race discrimination in the making and enforcement of contracts. It is undisputed Plaintiff's volunteer tenure with the District was governed by Florida statute and not an alleged contract. Assuming *arguendo* Plaintiff's volunteer tenure was not statutory, he did not have a contractual relationship under which he had rights as a District volunteer and his right to contract as a volunteer was not impaired.

3. The District is also entitled to summary judgment on Plaintiff's Section 1981 race discrimination claim in the context of non-employment discrimination because he failed to establish that the District intended to racially discriminate against him and/or he did not tie the alleged racial discrimination to one or more of the activities enumerated in Section 1981.

4. Assuming *arguendo* the Court determines the existence of an employment relationship between Plaintiff and the District, summary judgment is still appropriate because Plaintiff was not qualified for his alleged position and did not suffer a materially adverse employment action.

5. The District is entitled to summary judgment on Plaintiff's retaliation claims under Section 1981 and Section 112.3187 because he did not engage in statutorily protected activity, did not suffer a materially adverse employment action, and a causal relationship does not exist.

WHEREFORE, the District moves this Court to enter judgment for the District with respect to all Counts of Plaintiff's Second Amended Complaint.

Respectfully submitted,

FORD**HARRISON**<sup>LLP</sup>

By: s/ Reynaldo Velazquez
Reynaldo Velazquez
Florida Bar No. 069779
rvelazquez@fordharrison.com
One S.E. 3rd Avenue, Suite 2130
Miami, Florida 33131
T (305) 808-2100 | F (305) 808-2101
Attorney for Defendant

## CERTIFICATE OF SERVICE

I CERTIFY that on May 15, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the attorney of record for Plaintiff, Marie A. Mattox, Esquire, MARIE A. MATTOX, P.A., which is located at 203 N. Gadsden Street, Tallahassee, FL 32301, via electronic mail at: marie@mattoxlaw.com; michelle2@mattoxlaw.com; marlene@mattowlaw.com.

 s/ Reynaldo Velazquez
 Attorney for Defendant

WSACTIVELLP:10470278.1